IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02686-MSK-CBS

UNIVERSAL DRILLING CO., INC.;
JACK J. GRYNBERG; and
GRYNBERG OIL COMPANY,

       Plaintiffs,

v.

NEWPARK DRILLING FLUIDS, LLC,

       Defendant.
_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to Defendant Newpark Drilling Fluids, Inc.'s ("Newpark") Motion for Summary Judgment **(# 20)**, the Plaintiffs' response **(# 23)**, and Newpark's reply **(# 24)**.

## FACTS

In this action, the Plaintiffs assert two claims against Newpark – breach of contract and conversion – both of which appear to arise under Colorado law.[1]

Except as noted herein, the following facts are demonstrated by the exhibits supporting

---

[1] The Complaint **(# 2)** requests treble damages on the conversion claim, suggesting that this is not a garden-variety common law tort claim. However, the Complaint does not otherwise specify the source of such a claim. The Court assumes that the Plaintiffs are intending to invoke Colorado's "Rights in Stolen Property" statute, C.R.S. § 18-4-405, which permits an owner of property to obtain treble damages against a person taking property by "theft, robbery, or burglary."

1

Newpark's motion and are not in dispute. Newpark provided certain equipment and services to the Plaintiffs' oil and gas drilling operations under the terms of a contract. In May 2008, the parties concluded that contract, and Newpark compiled a final invoice reflecting amounts due to it from the Plaintiffs and any credits or refunds owed by Newpark to the Plaintiffs under the terms of the contract.

The Plaintiffs allege in the Complaint that Newpark (through an individual who has never been identified) informed the Plaintiffs that the Plaintiffs were entitled to a credit of $80,000 as a result of the final reckoning of the contract's terms. However, Newpark has submitted the affidavit of Jane Paxton, its Central Regional Controller, attesting that the final tally of the total charges and credits remaining on the contract resulted in a credit to the Plaintiffs of only $ 5,668.

The Plaintiffs, through the affidavit of Plaintiff Jack Grynberg, take the position that "many of Newpark's invoices and other records are inaccurate or false." Mr. Grynberg further states that "a determination of what Newpark owes us and our companies cannot be made without further discovery."[2] However, Mr. Grynberg states that he believes Newpark owes the Plaintiffs approximately $ 75,000 on the contract.

Newpark moves **(# 20)** for summary judgment on both claims against it, arguing that there is no genuine dispute of fact as to the amounts owed by Newpark to the Plaintiffs under the terms of the contract.

---

[2]Newpark's motion was filed in June 2009, two months in advance of the Scheduling Order's **(# 11)** discovery deadline of August 3, 2009. The Court notes that neither party has sought to supplement their motion papers since the end of the discovery period.

## ANALYSIS

### A. Standard of review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Rule 56(f)

The Court first addresses Mr. Grynberg's contention that the Plaintiffs are unable to address the particular defects in Newpark's final invoices without further discovery. Fed. R. Civ. P. 56(f) provides that "if a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may take appropriate action, including denying the motion or holding it in abeyance pending further discovery. To obtain relief under Rule 56(f), the non-movant's supporting affidavit must "identify[ ] the probable facts not yet available and what steps have been taken to obtain these facts. *Libertarian Party of N.M. v. Herrera*, 506 F.3d 13030, 1306 (10th Cir. 2007), *quoting Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006). It is not sufficient for the non-movant to simply state that discovery is incomplete; rather, the non-movant must "state with specificity how the additional material will rebut the summary judgment motion." *Id*. at 1308-09.

In this respect, Mr. Grynberg's affidavit is insufficient. The affidvait does not proffer those specific <u>facts</u> that the Plaintiffs believe they will uncover through further discovery, offering only the conclusory assertion that an unspecified number of Newpark's invoices are inaccurate in unspecified ways. Such a strictly conclusory assertion is insufficient to make the showing of specificity required by the rule. *Id.* at 1309 (Rule 56(f) assertion that non-movant would show via further discovery that "the [First Amendment] burden on it is severe" insufficiently specific). Moreover, Mr. Grynberg's affidavit gives no indication whatsoever of what steps the Plaintiffs have taken to obtain the discovery thus far. Such a showing is necessary, as the Court does not grant Rule 56(f) relief to a party that has been dilatory in

conducting discovery. *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1180 (10th Cir. 2008). Accordingly, the Court finds that the Plaintiffs have not made a sufficient showing to be entitled to any relief under Rule 56(f),[3] and the Court proceeds to consider the summary judgment motion on the merits set forth in the parties' briefs.

### C. Newpark is entitled to summary judgment

Newpark has shown, through Ms. Paxton's affidavit, the charges and credits it tallied for the Plaintiffs. That evidence reveals that Newpark owed the Plaintiffs only $ 5,668 in full satisfaction of the contract's terms. Thus, the burden is on the Plaintiffs – who bear the burden of proof at trial – to show that Newpark's accounting is incorrect and that it actually owes the Plaintiffs significantly more.

The Plaintiffs have not done so. The entirety of the evidence cited by the Plaintiffs on this point is Mr. Grynberg's conclusory assertion that Newpark's invoices are inaccurate. Mr. Grynberg points to no facts that indicate the basis for this belief, offering only the conclusion itself. A conclusory assertion is insufficient to avoid summary judgment, as the party with the burden of proof has the obligation to come forward with <u>facts</u> showing a genuine dispute requiring trial. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). Because the Plaintiffs have not come forward with any facts demonstrating a genuine issue of fact regarding the

---

[3]Even assuming the Court found the Plaintiffs' Rule 56(f) showing sufficient, the Court notes that the discovery period has since closed and the Plaintiffs have not supplemented their summary judgment briefing with the additional facts discovered. Where the Court does not decide the summary judgment motion until after the period requested for additional discovery has run and the movant has failed to thereafter supplement its summary judgment response with the additional factual information, the denial of Rule 56(f) results in no prejudice to the non-movant. *Alpine Bank. Inc. v. Hubbell*, 555 F.3d 1097, 1114 (10th Cir. 2009).

accuracy of Newpark's calculation that only $ 5,668 is owed to the Plaintiffs,[4] Newpark is entitled to summary judgment on both claims against it.

## CONCLUSION

For the foregoing reasons, Newpark's Motion for Summary Judgment **(# 20)** is **GRANTED**, and Newpark is entitled to judgment in its favor on both claims asserted against it by the Plaintiffs.  Newpark has asserted counterclaims that remain extant and the Court finds that because those counterclaims arise from the same common nucleus of fact, certification of a final

---

[4]Mr. Grynberg's attestation that an unnamed employee of the Plaintiffs was informed by an unnamed Newpark representative that the Plaintiffs were entitled to $80,000 in credit from Newpark is insufficient to present a genuine issue of material fact for trial.  A party opposing summary judgment is not required to come forward with evidence in a form that would be admissible at trial, but the content or the substance of the evidence presented must be admissible.  *Adams v. American Guarantee and Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).  Thus, "a third-party's description of a witness' supposed testimony is not suitable grist for the summary judgment mill."  *Id.*  Although the unknown employee's testimony that he heard a representative of Newpark make such a comment might be admissible non-hearsay pursuant to Fed. R. Evid. 801(d)(2) (admission by party-opponent not hearsay), there is no evidentiary basis apparent from the record that would permit Mr. Grynberg to testify as to what he was told by the unknown employee.  Mr. Grynberg's testimony– in essence that "the employee told me that the Newpark representative said it"– is classic hearsay, an out-of-court statement by the employee offered for its truth.  Although an affidavit from the employee asserting his knowledge of the statement might be sufficient to overcome a hearsay problem, no such affidavit is provided by the Plaintiffs.  The Court is merely asked to take the Plaintiffs' word for what the employee would say.  This is insufficient to carry the Plaintiffs' burden of demonstrating a triable issue of fact.

judgment in favor of Newpark on the Plaintiffs' claims pursuant to Fed. R. Civ. P. 54(b) is inappropriate. This case will proceed to trial solely on Newpark's counterclaims, and the Court will enter judgment in favor of Newpark on the Plaintiffs' claims at the conclusion of the action.

Dated this 18th day of February, 2010

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge